# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-10525
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Carlos Avila-Gonzalez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-185-1

———————————————————

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Juan Carlos Avila-Gonzalez, federal prisoner # 46958-177, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his Federal Rule of Criminal Procedure 36 motion. Avila-Gonzalez had asked the district court to correct a paragraph in the "Other Criminal Conduct" portion of his presentence report (PSR) to reflect that he was neither

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

arrested nor charged with sexual assault in 2013. The district court denied the motion, finding that Avila-Gonzalez was seeking to make a substantive change to the record and concluding that the PSR and the PSR Addendum showed the lack of an arrest or charges. Avila-Gonzalez contests the district court's findings, asserting that he is not seeking to alter the structure of the PSR and asserting that the PSR inaccurately indicates that he was arrested and charged with a sexual assault.

Rule 36 provides that a district court may at any time correct a clerical error in the record arising from oversight or omission. FED. R. CRIM. P. 36. Rule 36 permits corrections to errors in a PSR. *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014). The PSR specifies that the date in the "Date of Arrest" column is the "Offense Date" rather than a date of arrest, and the probation officer acknowledged in the PSR Addendum that Avila-Gonzalez was not arrested for the offense. Moreover, the PSR specifically states under the "Disposition" column that "No case [was] filed" because the victim chose not to prosecute, and the body of the paragraph likewise explains the victim's decision not to continue with the prosecution. Thus, there is no error, let alone a "mindless and mechanistic mistake" constituting clerical error. *Mackay*, 757 F.3d at 200 (internal quotation marks and citation omitted).

Thus, Avila-Gonzalez has failed to identify an arguably meritorious appellate issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.